IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-95-64-D |
| | ) | |
| PETER BURKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion for Reduction of Sentence [Doc. No. 296], filed

through counsel appointed to assist Defendant with *pro se* filings made by him personally pursuant

to 18 U.S.C. § 3582(c)(2) [Doc. Nos. 279, 290 & 292]. Defendant seeks the reduction of his

sentence of life imprisonment (with concurrent terms of 240 months and 120 months) imposed on

November 3, 1995, for drug offenses involving cocaine base. By the Motions, Defendant seeks

relief based on Amendment 706 and 750 of the United States Sentencing Guidelines, which have

been given retroactive effect through amendment of § 1B1.10 to authorize reductions in sentences

pursuant to 18 U.S.C. § 3582(c)(2).

A review of Defendant's Motions makes clear, however, that this Court lacks authority to

grant Defendant relief from his life sentence. A sentence reduction under § 3582(c)(2) is not

authorized if an amendment "does not have the effect of lowering the defendant's applicable

guideline range." U.S.S.G. § 1B1.10(a)(2)(B). *See United States v. Hodge*, 721 F.3d 1279, 1280-81

(10th Cir. 2013); *United States v. McGee*, 615 F.3d 1287, 1293 (10th Cir. 2010); *United States v.*

*Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). To determine whether an amendment would lower

the applicable guideline range, "the court shall determine the amended guideline range that would

have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Under these binding policy statements, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." *Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011). In this case, applying Amendments 706 and 750 to the sentencing judge's original findings, Defendant is ineligible for relief from his life sentence. This sentence was based on a quantity of cocaine base (8.88 kilograms) that exceeds the maximum amount to which the amendments apply (8.4 kilograms).

Instead, Defendant's Motions rest on the proposition that the original guidelines calculation was based on factual findings made by the sentencing judge, particularly regarding drug quantities attributable to Defendant, that were not charged in the Indictment or found by the jury. However, to the extent that Defendant seeks relief from his sentence for reasons other than amendments to the sentencing guidelines, the Supreme Court has held that § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2691 (2010). Where a defendant "seeks to correct aspects of his sentence that were not affected by the crack cocaine amendments, 'they are outside the scope of the proceeding authorized by § 3582(c)(2).'" *United States v. Smith*, 510 F. App'x 720, 723 (10th Cir. 2013) (quoting *Dillon*, 130 S. Ct. at 2694). In fact, the Supreme Court expressly held in *Dillon* that "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." *Id*. 130 S. Ct. at 2692. Therefore, the

Court finds that it cannot grant the relief requested by the Motions in a proceeding under

§ 3582(c)(2).

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence

[Doc. No. 296], as well as prior *pro se* motions seeking similar relief [Doc. Nos. 279, 290 & 292],

are DENIED.

IT IS SO ORDERED this 10th day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE